IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WYNNMED INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DRE HEALTH CORPORATION,<br><br>    Defendant, | Civil Action No. |

**NOTICE OF REMOVAL**

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DRE Health Corporation ("DRE" or "Defendant") hereby removes this civil action captioned Index No. 507140/2021 (the "State Court Civil Action") from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

  In support of this Notice of Removal (the "Notice"), DRE states as follows:

**Background**

  1. On or about March 25, 2021, Plaintiff WynnMed Inc. ("WynnMed" or "Plaintiff," and collectively with DRE, the "Parties") filed a Summons and Complaint (the "Complaint") in the Supreme Court of the State of New York, County of Kings. Copies of the Summons, Complaint (and corresponding Exhibits), along with the first Affidavit of Service filed on or about April 26, 2021, are attached hereto as Exhibit 1.

  2. On or about May 5, 2021, WynnMed filed its First Amended Complaint (the "FAC") in the Supreme Court of the State of New York, County of Kings. Copies of the FAC (and corresponding Exhibits), along with the second Affidavit of Service filed on or around May 17, 2021, are attached hereto as Exhibit 2. The FAC sets forth new allegations, additional claims

1

for relief, demands different monetary damages, and essentially constitutes a new lawsuit against DRE.

3.   No other process, pleadings, or orders have been filed or served on DRE.

4.   This Notice is timely pursuant to 28 U.S.C. § 1446(b). The FAC was served on DRE on May 12, 2021, and as discussed *infra*, the FAC constitute essentially a new lawsuit against DRE.

5.   Complete diversity of citizenship exists between the parties: WynnMed is a New York corporation with its principal place of business in New York, and DRE is a Missouri corporation with its principal place of business in Missouri. *See* FAC at ¶¶ 2-3.

6.   Plaintiff's Complaint seeks to recover in excess of $75,000. *See* FAC at ¶ 36

## Removal Based On Diversity Jurisdiction

7.   Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and this Court's diversity jurisdiction, removal of Plaintiff's State Court Civil Action to this Court is appropriate.

### *Diversity Jurisdiction*

8.   This Court has original diversity jurisdiction over Plaintiff's State Court Civil Action under 28 U.S.C. § 1332. Section 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

9.   Here, both of the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

**(1)   *Complete Diversity***

10.   Complete diversity exists between DRE and WynnMed, thus satisfying the

diversity requirement of 28 U.S.C. § 1332(a)(1).

11. DRE is a citizen of the State of Missouri. DRE is a corporation incorporated under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri. *See* FAC at ¶ 3.

12. WynnMed is a citizen of the State of New York. WynnMed is a corporation incorporated under the laws of the State of New York with its principal place of business in Brooklyn, New York. *Id.* at ¶ 2.

13. Therefore, complete diversity exists between DRE and WynnMed, and removal is proper under 28 U.S.C. § 1441.

### (2) *Amount In Controversy Exceeding $75,000*

14. The amount in controversy in Plaintiff's State Court Civil Action exceeds $75,000, exclusive of interest and costs, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a).

15. WynnMed is seeking, among other relief, "not less than $5,000,000" from DRE. FAC at ¶ 32.

16. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself . . ." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Thus, the amount in controversy exceeds $75,000.

17. Accordingly, this Court has original diversity jurisdiction over WynnMed's State Court Civil Action under 28 U.S.C. § 1332(a) because the Parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*Timely Removal*

18.     This Notice is timely pursuant to 28 U.S.C. § 1446(b).  The FAC sets forth entirely new allegations, additional claims for relief, and demands different monetary damages, all of which constitute essentially a new lawsuit against DRE.

19.     This Court, courts in the Second Circuit, and other courts throughout the country have found that, under the "revival doctrine," when an amended complaint substantially alters the character of the action—as WynnMed's FAC has done here—it essentially constitutes a new law suit, thereby restoring a defendant's ability to remove the action within an additional thirty days.  *See Residents and Families United to Save Our Adult Homes v. Zucker*, 16CV1683NGGRER, 2017 WL 5496277, at *6 (E.D.N.Y. Jan. 24, 2017) (stating that "[u]nder the revival doctrine, a lapsed right to remove an initially removable case within 30 days is restored . . . . where a complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit," and that "while many of the causes of action remain the same between the Residents Plaintiffs' [First Amended Complaint] and the [Second Amended Complaint], the addition of the Eighth Cause of Action substantially alters the nature of this action, justifying application of the revival doctrine to allow removal here.") (internal citations and quotations omitted); *MG Bldg. Materials, Ltd. v. Paychex, Inc.,* 841 F. Supp. 2d 740, 747 (W.D.N.Y. 2012) ("A considerable, long-standing body of case law, however, holds that an amendment that substantially changes the character of a lawsuit can give rise to a new right to remove, irrespective of whether the legal basis for removal (such as diversity or federal-question jurisdiction) is the same as before. . . . Thus, the fact that the original petition was removable on the basis of diversity jurisdiction, and that . . . the third amended petition also sets forth facts supporting diversity jurisdiction, does not in itself preclude the application of the revival exception.") (*citing S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)

4

("The prohibition against removal on the same ground does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable") (internal quotations omitted); *Barnes v. Cathers and Dembrosky*, 02 CV 5296 (RO), 2003 WL 22928640, at *1 (S.D.N.Y. Dec. 10, 2003) ("[A]dditional time may be granted for removal when an amended pleading adds claims which fundamentally alter the initial pleading."); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) (applying the revival doctrine "[b]ecause the amended complaint starts a virtually new, more complex, and substantial case against the Co-defendants upon which no significant proceedings have been held, the removal will not result in delay, waste, or undue tactical advantage to a party. Nor does the removal impair proper allocation of state and federal judicial responsibilities.").

20. Here, WynnMed's FAC substantially alters the character of the action and essentially constitutes a new lawsuit against DRE.

21. Importantly, every claim in the Complaint relates to *undelivered* personal protective equipment ("PPE"). In contrast, every claim in the FAC relates to allegations of *defective* PPE for which WynnMed already took delivery.

22. For instance, the Complaint alleges that WynnMed "has never received the remaining 31 of the 60 containers [of PPE] it bought (Complaint at ¶ 15), and that DRE "has no justification for refusing to have the 31 containers released to WynnMed." *Id*. at ¶ 18. WynnMed's alleged damages in its first Complaint are all the result of the alleged "refusal to have the 31 containers of vinyl gloves released to WynnMed in a timely manner." *Id*. at ¶ 19.

23. In contrast, the FAC alleges that "DRE [] provided WynnMed with the container numbers of all 60 containers" and received all of the containers that originally alleged to be missing. *See* FAC at ¶¶ 13, 17. The FAC further alleges "serious contamination issues and

5

manufacturing defects" in the delivered products (*id*. at ¶¶ 18, 20, 22), and that some of the delivered products were not genuine or were counterfeit. *Id.* at ¶¶ 24-25.

24. The Complaint and FAC therefore allege a different nucleus of operative facts: the Complaint concerns itself with an alleged non-delivery of goods, and the FAC's allegations and claims are based on delivery of allegedly defective goods.

25. The substantial alteration between the pleadings is further highlighted by the differences in the causes of action. The Complaint's causes of action are all based on the alleged non-delivery of purchased goods. *See generally* Complaint ¶¶ 20-26 (alleging Conversion for wrongful possession of personal property); *id*. ¶¶ 27-33 (alleging Breach of Contract for wrongful failure to deliver PPE); *id*. ¶¶ 34-37 (alleging Unjust Enrichment for wrongfully accepting and retaining money for goods while withholding such goods).

26. Conversely, the FAC's causes of action center around delivery of allegedly defective and counterfeit PPE. *See generally* FAC at ¶¶ 26-32 (alleging Breach of Contract for delivery of allegedly defective goods; *id.* at ¶¶ 33-36 (alleging Unjust Enrichment for the alleged delivery of "counterfeit" products); *id*. ¶¶ 37-41 (alleging Fraudulent Misrepresentation for alleged failures to deliver non-defective goods).

27. The FAC therefore asserts an entirely new cause of action based on fraudulent misrepresentation and lacks the Complaint's claim for conversion. While both pleadings have causes of action for breach of contract and unjust enrichment, they are based on an entirely different set of facts and time periods, and seek damages on entirely different grounds.

28. In summary, the Complaint put DRE on notice of claims related to undelivered PPE, but the Complaint did not give notice of claims related to manufacturing defects and contamination issues in PPE delivered to WynnMed *nearly one month after the Complaint was filed*. WynnMed's novel Demands for Relief in the FAC (*see, e.g.* FAC Demand for Relief ¶ f,

"damages for Defendant's delivery of non-conforming goods under UCC § 2714") and WynnMed's elimination of prior Demands for Relief in the Complaint (*see, e.g.* Complaint Demand for Relief ¶ a, "return of Plaintiff's personal property, including $5,681,541.40 converted by Defendant") underscores the substantially altered character of WynnMed's new pleading.

### *Venue*

29.     Under 28 U.S.C. § 1441(a), the initial venue for Plaintiff's State Court Civil Action is proper in this Court, which is the district embracing the place where the state action is pending.  DRE reserves the right to seek that this Court transfer this cause of action to the Federal Court of the Western District of Missouri pursuant to the exclusive venue terms in the agreements between the parties.

### *Pleadings*

30.     Copies of the Summons, Complaint (and corresponding Exhibits), along with the first Affidavit of Service are attached hereto as Exhibit 1.  Copies of the FAC (and corresponding Exhibits), along with the second Affidavit of Service are attached hereto as Exhibit 2.  No other process, pleadings, or orders have been filed or served on DRE.

### *Notice*

31.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, DRE will file a copy of the Notice of Removal with the Clerk of the Supreme Court of New York, County of Kings.

**WHEREFORE**, DRE respectfully hereby removes the subject action from the Supreme Court of the State of New York, County of Kings, to this United States District Court for the Eastern District of New York.

JONES DAY

BY: /s/ *Neil C. Scott*
    Neil C. Scott
    250 Vesey Street
    New York, NY 10281-1047
    Tel: (212) 326-3696
    Email: nscott@jonesday.com

*Counsel for Defendant*
*DRE Health Corporation*